## Carson, Appellant, v. Carson.

*Husband and wife—Wife's separate property—Earnings.*

Where a woman who owns and conducts a hotel business, marries her barkeeper, and after the marriage the husband and wife continue the business, the income of which is kept by the wife in her own bank account, and drawn out only on her checks, real estate bought from such income, and taken in the wife's name, is her property, and cannot be claimed by her husband.

Argued Oct. 30, 1902. Appeal, No. 101, Oct. T., 1902, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1900, No. 594, on verdict for defendant in case of Alexander Carson v. Sarah Jane Carson. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Ejectment for a lot of ground in Allegheny City. Before BROWN, J.

The court charged as follows :

This is an action of ejectment by Alexander Carson against Sarah J. Carson, his wife, to recover a lot on Anderson street in the city of Allegheny, conveyed to her by deed of Joseph Carson, dated September 30, 1887.

The action being an equitable ejectment to establish and enforce a trust resulting from the alleged payment of the purchase money, our Supreme Court has said in Braun v. First German Evangelical Lutheran Church, 198 Pa. 152, that the evidence in support of the trust must be clear, precise, convincing and satisfactory to the conscience of the chancellor, and in an action of ejectment to enforce a resulting trust, the trial judge acts as a chancellor. If, in his judgment, that evidence is insufficient to establish the trust, it is his duty to direct a verdict for the defendant. [The plaintiff's right of recovery is barred by equitable limitation, and is barred by the statutory limitation of the 6th section of the act of April 22, 1856, (citing 198 Pa. 157).

If these limitations have no application, the plaintiff's right of recovery is barred for other reasons. No fraud, accident or mistake is alleged in the execution and delivery of the deed to Mrs. Sarah J. Carson in September, 1887, of which execution and delivery at that date Mr. Carson had actual knowledge. Through all the years from the purchase of the property in 1887 to the commencement of this action in 1900, there is not a syllable of testimony that he ever claimed an interest in the lot, or a right to the conveyance of it, or asserted a trust for his use, or that any funds of his paid in whole or in part the consideration expressed in the deed.

In the light of the substantial separate estate of the defendant, in realty, rents, and the profitable hotel business, at the time of her marriage to the plaintiff in 1886, and the continuance of the business thereafter, she was entitled solely to the principal, income and earnings of the property and business, though the labor of her husband mingled in the production. That was true under the act of 1848, the act of 1872, and later acts of assembly: 68 Pa. 426; 55 Pa. 437; 60 Pa. 419.

From these sources of her separate estate various pieces of real estate, including the lot in controversy, were purchased and paid for by her. Nor is this conclusion changed by the testimony of the husband—flatly contradicted by her, his wife —that after their marriage in 1886 the hotel business was conducted by them as a partnership. From the overwhelming weight of the facts and circumstances, and inferences therefrom, it irresistibly follows that there was no such partnership; but even if the purchase money was paid by him—a fact unsupported by any credible testimony, and unequivocally denied by his wife—there is no evidence that at the execution and delivery of the conveyance to Mrs. Carson, it was understood by both her and her husband that she was taking the title in trust for her husband: 199 Pa. 635.

The plaintiff's testimony in support of the trust, in every link essential to its support, is not clear, precise, convincing and satisfactory; nor does it bear the equitable impress of two witnesses, or of one witness and strong corroborating circumstances equivalent in weight to a second witness. It is wholly lacking in credible elements that would move a chancellor to reform the plain meaning of a solemn conveyance, by reading into it after the silent lapse of many years a trust that nowhere appears upon its face.

Measured by the testimony, and by the principles and reasons given, we are clearly of the opinion that the plaintiff's case has failed and therefore we direct a verdict for the defendant. With your consent, gentlemen, the verdict will be so taken.] [1]

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was portion of charge as above, quoting it.

*Joseph Forsythe*, with him *A. Blakeley*, for appellant.—As head of the family, plaintiff was entitled to the time and services of his wife. For any loss of her services by injury or any impairment of her earning power he might recover against a stranger: Helsel v. Traction Company, 14 Pa. Superior Ct. 420. He was entitled to the wife's earnings in a separate employment and unquestionably in the common employment, the joint earnings and savings of both belong to him: D'Ar-

ros's App., 89 Pa. 51; Speakman's App., 71 Pa. 25; Bucher v. Ream, 68 Pa. 421. The act of 1887 did not take away the right: Hammill's App., 88 Pa. 363; Kittel's Est., 156 Pa. 445; Stuart v. Stuart, 182 Pa. 543; Rine v. Hall, 187 Pa. 264.

The relation of husband and wife is one of trust. They are presumed to receive each other's moneys as agents or trustees, until the contrary is shown: Wilson's App., 1 Penny. 34. They are mere receivers for each other: Bardsley's Est., 13 Phila. 222; McGlinsey's App., 14 S. & R. 64; Grabill v. Moyer, 45 Pa. 530; Hinney v. Phillips, 50 Pa. 382; Towers v. Hagner, 3 Wh. 48; Bachman v. Killinger, 55 Pa. 414.

*D. F. Patterson,* with him *J. M. Garrison* and *A. S. Morehead,* for appellee.—There can be no question that the husband may unite with the wife in the use and enjoyment of the property, without thereby creating a right of action by her against him "for the use or occupation of her house, or for the use of her carriage, or for boarding at her expense," in the absence of proof of "her consent especially given;" and, on the other hand, it is equally well settled that he may contribute his services in the management and operation of her separate property or business, without thereby becoming her creditor for the value of his services, or enabling his creditors to treat the products of his services in connection with her estate as his property, liable to be taken in execution for his debts: Brown v. Pendleton, 60 Pa. 419; Wieman v. Anderson, 42 Pa. 311; Rush v. Vought, 55 Pa. 437; Bucher v. Ream, 68 Pa. 421.

OPINION BY MR. JUSTICE MITCHELL, January 5, 1903:

Without going into the question whether or not the plaintiff has brought himself within the conditions permitting an action against his wife under the Act of June 8, 1893, P. L. 344, it is clear that his case failed on the evidence.

At the time of the marriage in December, 1886, the wife owned and conducted a hotel business. The husband had been employed by her as barkeeper, and after marriage first assisted her but claims to have carried on the business subsequently in his own name though in the same premises and in conjunction with her. The property now in dispute was bought out of the earnings of that business.

Appellant claims that under the law, as it was at the date of the marriage, his wife's earnings, whether separate or jointly with him, were his property.   It may be conceded that the presumption ordinarily was so at that time.   But the income from her separate property was hers.   If the hotel had been leased to a third party, the rent would unquestionably have been her separate estate, after as well as before marriage.   The conduct of the parties, as appears from the undisputed evidence, shows that it continued to be so regarded and treated by both the parties here.   The income from the business was handed over to her, deposited in her name in her own bank account just as it had been before the marriage, drawn out only on her checks, and when used to pay for the property now in suit, the title was with knowledge and assent of plaintiff taken in her name, and so remained for thirteen years until this suit.   The action is an equitable ejectment on the ground of a resulting trust from a purchase with plaintiff's money.   Without stopping to discuss the other objections raised in the argument, it is enough to say that plaintiff wholly failed to show that the purchase money was his.   As the judge could not have sustained a finding for plaintiff on the admitted facts, he was right in directing a verdict for defendant.

Judgment affirmed.